UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASUQUO ESANG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 3540 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| COUNTY OF COOK, an Illinois Medical | ) | |
| Corporation, THE SHERIFF OF COOK COUNTY, | ) | |
| in his official capacity, Cook County Sheriff | ) | |
| Deputies PHILLIP MARKEY #5277, ROSE | ) | |
| JOHNSON #2932, COLEMAN #4648, | ) | |
| BEN CARANDANG #188, WHITE #4758, | ) | |
| and BENEDICTO CARRADINE and | ) | |
| COOK COUNTY SHERIFF | ) | |
| CORRECTIONAL OFFICERS EVANS, BURNS | ) | |
| and MOORE, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Asuquo Esang brought this action under 42 U.S.C. § 1983 and various state-law tort theories arising from two alleged assaults by law enforcement officers. The matter is presently before the court on Defendants'[1] Motion to Dismiss Plaintiff's Second Amended Complaint, in which Defendants assert that Esang's claims are time-barred and, in the case of the Sheriff of Cook County, improperly brought against him in his official capacity. For the reasons stated herein, the court grants Defendants' motion to dismiss in part, and denies the remainder of the motion without prejudice.

---

[1] Defendant Benedicto Carradine is not a movant, and the docket does not reflect service of summons upon him. Given the substantial confusion regarding names in this case, the court suspects that Mr. Carradine and Mr. Carandang are one in the same. However, the parties have not addressed this issue.

## I. BACKGROUND

Esang's allegations arise from two incidents. Esang first alleges that on July 21, 2005, he was beaten and falsely arrested by sheriff's deputies at the Richard J. Daley Center (the "2005 incident"). He also alleges that he was beaten while in custody on January 4, 2007 (the "2007 assault").

Esang filed his original complaint *pro se* on June 25, 2007. In the original complaint, he alleged facts regarding the 2005 incident. *See* Compl. 4-5. On page 11 of his original complaint, Esang listed "Defendants," in which he included "Sheriff Tom Dart, Sheriff Sgt. Ben Caradang [*sic*] #188, Sheriff Deputy Coleman #4648, Sheriff Debuty Mackey [*sic*] #5277 . . . ." *Id.* 11. However, these persons were not listed in the caption of Esang's original complaint, and no service was attempted or made upon them. Esang made no mention of the 2007 assault in his original complaint. The court dismissed Esang's original complaint on July 9, 2007 for Esang's failure to name any defendants or supervisors of defendants for the 2005 incident, which the court determined was his only viable civil rights claim. *See* Doc. No. 6.

With the court's leave, Esang filed his Amended Complaint, again *pro se*, on February 5, 2008. *See* Amend. Compl., Doc. No. 22. Esang's Amended Complaint was 51 pages long and numbered more than 200 paragraphs, not including numerous sub-paragraphs, and named as defendants, *inter alia*: the County of Cook; Tom Dart, the Cook County Sheriff; Cook County Deputy Sheriffs Coleman, Markey, "Grandang [*sic*]," and White; and defendants Burns, Moore, and Evans. In his Amended Complaint, Esang re-alleged the 2005 incident. *See id.* ¶¶ 20-22, 55. He also alleged that defendants Coleman, White, "Mackey [*sic*]," and Carandang, and officer Jane Doe, were involved in

his false arrest, which was part of the 2005 incident. *See id.* ¶ 55. Esang also alleged for the first time that he was beaten and shot by a taser gun by defendants Burns, Moore, and Evans as part of the 2007 assault. *See id.* ¶¶ 50-53.

Defendants moved for dismissal and on November 21, 2008, the court entered an order granting dismissal in part and denying in part. *See* Doc. No. 88.[2] As part of that order, the court dismissed claims against the Sheriff of Cook County in his official capacity, which it found were duplicative of claims against the county. *See id.* 4.

The court granted Esang leave to file a Second Amended Complaint, granted him various continuances, and granted his requests for appointment of counsel. On July 8, 2009, Esang filed his Second Amended Complaint, this time through counsel. In his Second Amended Complaint, Esang brings excessive force, state-law battery, and false arrest claims against defendants Markey, Johnson, Coleman, Carandang, White, and Carradine, arising from the 2005 incident; excessive force and state-law battery claims against defendants Evans, Burns, and Moore arising from the 2007 assault; and *respondeat superior* and indemnification claims arising from both incidents against the Sheriff of Cook County.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In resolving a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible

---

[2] The court dismissed various state defendants pursuant to the Eleventh Amendment, and dismissed claims attacking the constitutionality of state court orders pursuant to the *Rooker-Feldman* doctrine. *See* Docs. Nos. 85 & 86.

3

inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1940 (2009). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

### III. ANALYSIS

The court addresses dismissal of Esang's § 1983 claims first, then turns to his state-law claims.

**A.    Federal Claims**

1.    Counts I & III

In Counts I and III, Esang brings § 1983 battery and false arrest claims, respectively, against defendants Markey, Johnson, Coleman, Carandang, White, and Carradine, arising out of the 2005 incident. In resolving whether the statute of limitations bars § 1983 claims, the court must determine: under federal law, when the plaintiff's claim accrued; which state statute of limitations applies; and whether any tolling doctrine

applies to extend the limitations period. *See Wallace v. City of Chi.*, 440 F.3d 421, 424 (7th Cir. 2006), *aff'd sub nom. Wallace v. Kato*, 549 U.S. 384 (2007).

Esang's battery and false arrest claims accrued on July 21, 2005, when he was allegedly beaten and falsely arrested. *See Kato*, 549 U.S. at 388. Section 1983 actions arising in Illinois are governed by that state's two-year statute of limitations for personal injuries. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Esang filed his original complaint on June 25, 2007, within two years of the 2005 incident. In that complaint, he set forth the basic facts of the 2005 incident, but did not name any of the defendants in the caption of the complaint that he now names in Counts I and III. Defendants urge that this failure to name defendants as such renders Esang's Counts I and III time-barred.

This court has the "special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigation would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Moreover, when "the substance of [this] *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff the opportunity to amend the complaint." *Id.*

Esang responds that he named Carandang, Coleman, and Markey as defendants in his original complaint. *See* Compl. 11. He did name defendants in the body of the complaint, including Carandang, Coleman, Markey, and another deputy sheriff, Stephen Hunter, who is no longer a party to this action. *Id.* However, Esang did not name these defendants in the complaint's caption. Also in the body of the complaint, Esang alleged

5

that he was beaten by "an [unidentified] African American Female Sheriff officer" and an "[unidentified] African American male sheriff." *Id.* 5. This disparity–four sheriff deputies named in the body of the complaint, but not in the caption, and only two deputies whose conduct is described–does not allow the court, even construing plaintiff's pleadings liberally, to determine that Esang's original complaint alleges that defendants Carandang, Coleman, and Markey participated in the 2005 incident. Nor does it provide a basis for the court to believe that these individuals were on notice of the action, since they were not named in the caption as defendants and, based on a review of the docket, were not served with the original complaint.

Esang urges that this court should find that the allegations in the Amended Complaint and the Second Amended Complaint relate back to the original complaint. Allegations that change the party or the naming of the party against whom the claim is asserted relate back if the amendment (1) "asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out" in the original complaint and if the newly named defendant, within 120 days of the filing of the original complaint, (2) "received such notice of the action that it will not be prejudiced in defending on the merits" and (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B) & (C). While the allegations regarding the 2005 incident in the Amended Complaint and the Second Amended Complaint certainly arise from the same occurrence as those set out in the original complaint, there is no indication that any defendant in the Second Amended Complaint received notice of the suit at the time of the original complaint or knew or should have known of any mistake. The court finds that relation

back is inappropriate as to Counts I and III against defendants Carandang, Coleman, and Markey.

Esang urges, however, that the statute of limitations should be tolled to permit him to state claims arising form the 2005 incident. Equitable tolling is permitted in extraordinary circumstances, including when the plaintiff is unable to determine who caused his injury or when the plaintiff is awaiting the appointment of counsel. *See Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006). The court notes that Esang has not been the model of diligence; he failed to appear for several status hearings, leading to the dismissal of his claim for want of prosecution, asked for several extensions to amend his complaint, and took more than six months for each amendment of his complaint.

Esang has represented to the court that he was unable to prosecute the case because of ongoing medical treatment due to the 2005 and 2007 incidents, and has complied with relevant deadlines since the appointment of counsel. From Esang's representation alone, the court cannot determine whether equitable tolling is appropriate. Therefore, the court denies defendants' motion as to Counts I and III against Carandang, Coleman, and Market without prejudice, and grants the parties leave to conduct limited discovery for the purpose of determining whether equitable tolling of the statute of limitations is proper.

The remaining individual defendants against whom Esang brings his claims in Counts I and III–Johnson and White–are not named in the original complaint. White is named in the Amended Complaint, and was served with a summons thereafter. *See* Doc. No. 45. Johnson is not named in the Amended Complaint, although Jane Doe, Cook County Deputy Sheriff, which may be Johnson, is so named. Esang urges that the court

should equitably toll the statute of limitations to allow the claims against defendants Johnson and White to stand. The court is likewise unable to determine whether equitable tolling is proper with respect to these defendants, and so denies defendants' motion without prejudice, and grants the parties leave to conduct the above-described limited discovery.

Therefore, the court denies without prejudice defendants' motion to dismiss with respect to Counts I and III.

### 2. Count V

In Count V, Esang brings a claim for excessive force against defendants Evans, Burns, and Moore arising from the January 2007 assault. As with Counts I and III, Esang's Count V claim is governed by Illinois' two-year statute of limitations. *Dominguez*, 545 F.3d at 588. In his Amended Complaint, Esang named Evans, Burns, and Moore as defendants, and labeled each as "Cook County Deputy Sheriff, Division 8 RTU." Amend. Compl. 2. Esang alleged that he was brought in for questioning concerning the 2007 assault, which he describes as his "injury from the hands of correction officer's Evans, officer Burns, and Officer Moore [all *sic*]." *Id.* ¶ 50. Two paragraphs later, Esang alleged that he was "power kicked and shot with a teaser [*sic*] gun by the officers in Cook County Jail RTU, Division 8." *Id.* ¶ 52. Construing this Amended Complaint liberally, Esang brought claims against defendants Evans, Burns, and Moore in February 2008, within the statutory period. Esang's allegations in Count V of his Second Amended Complaint relate back to his allegations regarding the 2007

assault in his Amended Complaint, *see* Fed. R. Civ. P. 15(c)(1)(B), and defendants' motion to dismiss is denied with respect to Count V.[3]

### B. State-law Claims

Illinois state-law tort claims are subject to the one-year statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act. *See* 745 Ill. Comp. Stat. 10/8-101 (West 2008); *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Esang asserts state-law battery and false arrest claims in Counts II and IV arising out of the 2005 incident, and asserts a state-law false arrest claim in Count VI arising out of the 2007 assault.

#### 1. Counts II & IV

Esang first stated facts supporting his state-law battery and false arrest claims arising from the July 2005 incident when he filed his original complaint in June 2007. His claim accrued in July 2005, when he was allegedly beaten and arrested, *see Kato*, 549 U.S. at 388, and so expired in July 2006, nearly one year before he filed suit. Esang knew the facts giving rise to his cause of action within the limitations period–he was allegedly the victim of the battery and the false arrest–and does not explain why he needed the additional year to determine defendants' identities. Esang has insufficiently justified equitable tolling of his state-law claims arising from the 2005 incident, and those claims are dismissed as time-barred.

#### 2. Count VI

Esang first stated facts supporting his state-law battery claims arising from the January 2007 incident in his first Amended Complaint, which he filed in February 2008.

---

[3] The court's limitation on discovery with respect to Counts I, III, and VI does not apply to Count V.

This claim expired one month earlier, in January 2008. However, on December 26, 2007, prior to the expiration of Esang's claim, he filed a motion with the court indicating both that he had been undergoing medical treatment and that he was renewing his request for appointment of an attorney. As with Counts I and III, the court cannot determine from Esang's bare assertion whether equitable tolling is proper. Accordingly, it denies defendants' motion to dismiss without prejudice, and grants the parties leave to conduct limited discovery as described with respect to Counts I and III above.

### C. Count VII

Finally, defendants seek dismissal of Count VII of Esang's complaint, which seeks to recover against the Sheriff of Cook County in his official capacity under the theory of *respondeat superior*. Defendants argue that such claims are precluded by the Supreme Court's holding in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Esang correctly argues that *Monell* limited its rejection of *respondeat superior* claims to § 1983 actions *See, e.g.*, *Salata v. City of Berwyn*, No. 08 C 7448, 2009 WL 424403, at *1 (N.D. Ill. Feb. 19, 2009). However, it is unclear whether Esang brings Count VII under federal or state law, and he should remedy this deficiency when he re-pleads.

### IV. CONCLUSION

For the reasons stated above, defendants' motion is granted as to Counts II and IV, denied without prejudice as to Counts I, III, and VI, denied as to Counts V and VII, and Esang is granted leave to re-plead in a manner consistent with this opinion.

ENTER:

    /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 22, 2009