# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3540 | **DATE** | 4/11/2011 |
| **CASE TITLE** | Esang vs. Doe et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Asuquo Esang's Motion for Extension of Time [178] is denied. Esang's Motion for Appointment of Attorney [178] is granted. Esang's Motion to Quash and Motion to Amend [181, 183] are denied without prejudice. Status hearing set for April 19, 2011 at 9:30 A.M. The court appoints **Jeffrey Mark Wagner**, Winston & Strawn LLP ,35 West Wacker Drive ,,Chicago, IL 60601-9703 (312) 558-5600 Email: jwagner@winston.com to represent plaintiff.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

After plaintiff Asuquo Esang's civil rights complaint survived (in part) an initial motion to dismiss, the court appointed counsel for Esang on March 18, 2009. Esang's counsel Bartly Loethen filed a second amended complaint on July 8, 2009 asserting claims of excessive force, false arrest, and battery. Defendants filed another motion to dismiss, and the court later dismissed parts of the second amended complaint. Loethen continued to represent Esang until, on December 14, 2010, Loethen filed a motion to withdraw. The motion stated that Esang had been an uncooperative and disrespectful client.

On January 18, 2010, the day Loethen's motion was scheduled to be heard, Esang filed several documents. First, he filed a "Motion for Extension of Time to and Including Friday, April 29, 2011 (Instanter)." The motion does not identify any deadline which requires an extension, so the motion is denied without prejudice.

Attached to the first motion is another motion seeking appointment of new counsel. Esang explains that he is disabled, is undergoing medical treatment, and is otherwise incapable of representing himself. In a separate letter to the court, Esang denies that he failed to cooperate with Loethen. The court agrees that Esang probably is not able to effectively represent himself in this matter. Accordingly, the court will grant Esang's motion to appoint new counsel.

The court reminds Esang that, in this civil case, he has no right to court-appointed counsel. *Wolfolk v. Rivera*, 729 F.2d 1114, 1119-20 (7th Cir. 1984). If Esang is unable to work amicably with the newly appointed counsel, the court will not provide a third opportunity.

On February 7 and 8, 2011, Esang filed a Motion to Quash Re-Arrest of July 8th 2010 and Suppress Re-Indictment for Aggravated Battery for Cause of Intimidation, Harassment, Fraud Violation of 4th

## STATEMENT

Amendment and 14th Amendment to the Constitution of the United States and a Motion to Amend Front Page (Caption). The motions have been improperly noticed for April 27, 2011. Local Rule 5.3(b) requires a motion to be noticed for presentment "not more than 14 days following the date on which the motion . . . is delivered to the court . . . ." Accordingly, the court denies these motions without prejudice. The court suggests that Esang refrain from filing any other motions until he has had an opportunity to meet with his appointed counsel. Before the court appointed Loethen in this case, Esang filed a motion to "quash" an earlier arrest. (Doc. 84.) The court explained at that time that any constitutional challenge to a pending criminal prosecution should be raised before the state court. (Doc. 91.)

Esang also filed a document entitled Notice of Removal, purporting to remove a state criminal proceeding to this court under 28 U.S.C. § 1446(c)(1). However, "[t]he abstention doctrine set forth in *Younger v. Harris*, 401 U .S. 37, 53 (1971), requires a federal district court to refrain from interfering with state criminal proceedings in deference to principles of equity, comity, and federalism. Underlying this rule is the assumption that a plaintiff's federal constitutional claims can fairly be vindicated in state court proceedings without federal intrusion." *Vaughn v. Props*, No. 3:08 CV 278 PS, 2009 WL 674258, at *1 (N.D. Ind. Mar. 16, 2009). Because it does not appear that the case was actually removed, there is no need for this court to order a remand. *Id*.