# IN THE UNITED STATES COURT of APPEALS FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| Asuquo Esang<br>Plaintiff-Petitioner<br><br>V<br><br>Cook County and et al<br>Defendants-Respondant | MANDAMUS From THE UNITED STATES District Court For the Northern District of Illinois Eastern Division<br><br>Case No 07 C 3540<br>Hon: Joan B. Gottschall |

PETITION FOR WRIT OF MANDAMUS COMMANDING AND DIRECTING THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION ENTER AN ORDER Re-INSTATING MATTER, APPOINTING ATTORNEY FOR PETITIONER Asuquo ESANG AND SUBSTITUTION FOR A JUDGE OTHER THAN JUDGE JOAN B GOTTSCHALL FOR CAUSE OF BIAS, PREJUDICE AND NEGLECT PURSUANT TO 28 U S C 1361

U.S.C.A. - 7th Circuit
RECEIVED
DEC 28 2012 COD
GINO J. AGNELLO
CLERK

Asuquo Esang, Pro Se
6920 South Harper
Chicago IL 60637

# TABLE OF AUTHORITY

14) Sixth and Eight Amendment ————→ Page 4/9

Prefactory Note ————— Page 4

People V Esang 396 ILL APP 3d 833    Page 5

Argument ————— Page 8

In re Sherwin-Williams Company
667 F 3d 474 (7th Cir 2010) ——— Page 8

Marese V American Acad of
orthopedic Surgeons 470 US 373,380 (1980)— Page 10

28 USC 1738, Section 1738 ————— Page

conclusion ————— Page 14

Petition to file the Petition For Writ
Mandamus as a Poor Person————— Page 15B

Petition For Leave to file Writ of Mandamus — Page 18B

NOTICE of Filing/certificate of Service ——— Page 22B

Exhibit 1 order denying Pro Se Motion For
Appearance and Re-instate Matter    Page 24B

AFFidavit of Asuquo Esang attached
as Exhibit 3 —————    Page 28

Minute entry from U.S District Court Exh 7B    Page 25

People V Esang Case Law attached as Exhibit 4    27

Sun-Times Article of 15th Dec.2012 on a
Killed with a Taser attached as Exhibit 5 ——— Page 29B

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Asuquo Esang
Plaintiff-Petitioner

v

Cook County and et al
Defendants-Respondant

Mandamus from the United
State District Court For
the Northern District of
ILLinois, Eastern Division

Case No 07 c 3540
Hon: Joan B. Grottschall
Judge Presiding

PETITION FOR WRIT OF MANDAMUS COMMANDING
AND DIRECTING THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION ENTER AN
ORDER RE-INSTATING MATTER APPOINTING
ATTORNEY FOR PETITIONER ASUQUO ESANG
AND SUBSTITUTION FOR A JUDGE OTHER THAN
JUDGE JOAN B GOllSCHALL FOR CAUSE
OF BIAS, PREJUDICE AND NEGLECT
PURSUANT TO 28 U S C 1361

① Now Comes Asuquo Esang the Pro Se
the Petitioner on Oath or the affirmation
base on the truth nothing but the truth
② Respectfully, Petitioner Moves this Honorable
Court for Writ of Mandamus Commanding and

②

directing the United states District Court for the Northern District of ILLINOIS, Eastern Division enter an order Re-instating Matter Appointing Attorney For Petitioner Asuquo Esang and substitution for a Judge other than Judge Joan B. Gollschall for Cause of bias, prejudice and Neglect Pursuant to 28 USC 1361.

ADDITIONAL ISSUES PRESENTED FOR WRIT OF MANDAMUS PURSUANT TO 28 USC 1361

③ Whether the Honorable Judge GollshaLL Violated Petitioner Esang due Process Rights by denying his person effective process of his Motion for APpearance and Re-instatment of matter on 4th Dec. 2012 by not Conducting a ConstitutionaLLy required and allowed Hearing as to allow the Plaintiff-Petitioner his day in Court to State his position and Present his Evidence to Show Cause as to why matter must be Re-instated and be heard Fairly in an open Court.

③

order denying Pro Se Motion for Appearance and Re-instatement and Settlement Conference of Magistrate Judge is attached as Pro Se Exhibt 1 and Pro Se Motion Appearance and Re-instatement and Settlement Conference of Magistrate Judge is attached as Exhibt 2

④ Whether the Honorable Judge Gottshall Violated the Petitioners Sixth Amendment Rights to the Constitution of the United States in denuing Petitioner's Motion for Attorney on the With-drawal of Attorney Jeff Wagner. At the time of Attorney Jeff Wagner With-drawal Petitioner was held at the Cook County Jail Hospital, Petitioner had made an oral Motion for Attorney. In a Hearing by telephone from the Cook County Jail and and the Honorable Judge Gottshall was informed and aware about the Medical Condition of Petitioner and that the Cook County Jail had a Custom of providing Constitutionally inadequate

Medical Care and treatment but she Honorable Judge Joan B Gottschall neglected the Petitioners injury and his Affidavit of injury and Medical Condition attached here as Exhibit 3

⑤ Here Judge Gottschall Understands that I am in the wheel chair and My serious Medical Conditions are easily recognize the necessity for a Doctors attention as a result of the injury I suffered from the hands of the Defendants.

⑥ Honorable Judge Gottschall in bias, Prejudice and neglect dismissed the Matter and in Application of Malingering denied My Person an Attorney thereby Violated my sixth and eight Amendment Rights to the Constitution of united States

PREFECTORY NOTE

⑦ In this instant case, In hand, the Appellate Court of ILLinois had reversed the Conviction of the Plaintiff base on the Stipulation of

⑤

the Fitness determination and at the same time Foreclosed Retrospective Fitness determination See Judgment of the Appellate Court of Illinois People V Esang 396 ILL APP 3d 833 attached here as Pro Se Exhibit 4

⑧ That in retaliation against the Plaintiff Law Suit before the United States District Court, the Defendants in harassment and intimidation Re-Arrested the Plaintiff and Conducted Retrospective Fitness determination in hope of Applying Section 28 U S C 1738 on the State Case to Command a Judgment in this very Case before Honorable Judge Gottschall

⑨ That on the Re-Arrest to Conduct Retrospective Fitness Determination, the Defendants held my Person in Cook County Jail for One year and Six months then entered unjust and unfair conviction on my Person the Second time and sent my Person to Illinois Department

of Correction for two years.

(10) That ILLinois Department of Correction quickly reviewed the matter and Conviction then rejected the Conviction Right-off and Sent Mu Person back to Cook County or walk home or Walk home from the Prison the Very day with no Process.

(11) That this Very fashion of Harassment and intimidation with Malingering intent was brought to the attention of Hon. Judge Gottschall but in bias and Prejudice then neglect, Honorable Judge Gottschall turned a blind eye to it failed to remedy the Setuation and Personally Participated in it, in denying my Person an Attorney and dismissing the matter with-out serving my Person with the order and Notice of Court while I was in Cook County Jail Hospital

(12) That at one time, the Plaintiff while in Cook County Jail Hospital had Amended his Complaint to include the Harassment and intimidation by defendants the Cook County Sheriff officers and brought the notation before Honorable Judge Gottshall

(13) That Hon Judge Gottshall appointed my Person an Attorney Mr. Jeff Wagner who came to Cook County Jail to meet with My Person and handed a document to signed to withdraw my Amended Complaint against the Cook County Sheriff officers on Harassment and intimidation towards my Person in retaliation to this case in hand.

(14) That with the contention to with-draw my Amended Complaint upon which I rejected and refused to with-draw, the Amended Complaint was then assigned to new case number 11 C 5479 before Hon. Judge Zagel.

(15) Here the Defendants never did allow my Person to Prosecute the New Case before Honorable Judge James Zagel from Cook County Jail, Plaintiff was denied mails as a result of filing a new Case against the Cook County and Sheriff officers

## ARGUMENT

(16) Plaintiff Respectfully submit to this Hon. Court that the Trial Court in bias, Prejudice and neglect erred in Law in denuing the Plaintiff motion For Attorney Appearance and Re-instatement of Matter See In re Sherwin-Williams Company 607 F.3d 474 (7th Cir 2010)

(17) That the Plaintiff was entitle to be Served with the order and the notice of Court at all relevant time therein while was held in Cook County Jail Hospital

(9)

(18) That the Plaintiff-Petitioner had a Protected Constitutional Rights to be Served with order of Court and the notice under the sixth and 14th Amendment to the constitution of United States in a Place where the Petitioner's Attorney had with-drawn from Matter

(19) Here, again on 4th December, 2012 the Plaintiff-Petitioner was not Served with the order of Court denying the Plaintiffs Motion for Appearance and Re-instatement Pro se Motion to Advice order entered on 28th Nov. 2012.

(20) Respectfully, Petitioner Submit to this Honorable Court that those orders of 28th Nov 2012 denying Pro se Motion to Advice the Court and Petitioner Motion for Appearance and Re-instatement of Matter were handed over to the to the Plaintiff on 12th Dec. 2012 by Deputy Court Clerk For

Case: 12-3927    Document: 00711911960    Filed: 01/04/2013    Pages: 56

(10)

Honorable Judge Grottschall on his appearance for Court Hearing on 12th Dec. 2012 before Hon. Judge Gottschall at about 9:15 Am on his Persons Court date.

(21) Respectfully, Plaintiff Submit to this Hon. Court that the Re-Arrest and Recharged of Plaintiff-Petitioner on the 8th July 2010 in Matter in which Retrospective Fitness Determination was foreclosed Was a retaliation against the Petitioners Law Suit before the Federal District Court being that the Federal Court accord State Court reles or ruling on the Same Preclusive effect

(22) In that the actions of the Cook County Court meaning the State Court would be accorded under state Law See Marese V American Acad of Orthopedic Surgeons 470 US 373, 380 (1980)

(11)

citing 28 USC 1738, Section 1738 goes beyond the Common Law and Command a Federal Court to accept the rules Choosen by the state from which the Judgment is taken

(23) Because the state were not able to obtain a Favorable Judgment from the state court to effectuate and command a dismissal under 28 USC 1738 in the United States District Court on this matter before Honorable Judge Gottschall, the Cook County States Attorney officials and Hon. Judge Gottschall resulted in Systematically dismissing of matter in bias, prejudice and neglect in a H a Malingering fashion by allowing the with-drawal of my Attorney and then dismissing of matter in a Malingering fashion by denying my person the

(12)

order and the Notice of Court while I was in Cook County Jail Hospital and doing the Same action again on 28th November, 2012 and again on 4th Dec 2012.

(24) With respect, Pro Se Submit to this Honorable Court that Mandamus is Necessary to bring to the attention of the Court the District Application of an erroneous Law and Mandamus is of a good standings to bring before the Appellate Court of Appeals the Trial Court Flouting of the Constitution of the United states.

(25) In that the integrity of the Plaintiffs Rights in a case dismissed in a Trial Court for want of Prosecution had found Protection under the due process clause of the Constitution of the United States.

(13)

26) And that the Plaintiff-Petitioner had existing rights of Re-instatement of Matter with-in Thirty days and a Showing of good cause after thirty days on dismissal Matter for want of Prosecution

27) Here, matter was dismissed on the 7th November, 2012 See Pro Se Exhibit 1 and the Trial Court erred in Law in Failing to protect Petitioners 14th Amendment Rights to the Constitution of the United States in that the Trial Court failed take the Taser Shot Injury that Petitioner suffered from the hands of the Cook County Sheriff officers Seriously See Chicago Sun-Times Report of Saturday 15th, 2012 on Man Killed by Taser Shot attached as prose Exhibit 5

(14)

## CONCLUSION

(25) WHEREFORE, Petitioner Asuquo Esang respectfully pray that for the foregoing reason given. In that this Honorable Court grant his Petition For Writ of Mandamus Commanding and directing the United States District Court For the Northern District of ILLinois Eastern Division enter an order Re-instating Matter, Appointing Attorney for Petitioner Asuquo Esang, and Substitution for a Judge other than Judge Gottschall pursuant to 28 U S C 1361 as filed.

Respectfully Submitted

/S/ Asuquo Esang

Asuquo Esang, Pro se
6926 South Harper
Chicago IL 60637

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Asuquo Esang
Plaintiff-Petitioner

v

Cook County and et al.
Defendants-Respondant

Mandamus from the United
States District Court For
the Norther District of
ILLinois. Eastern Division

Case No 07 C 3540
Hon: Joan B. Gottschall
Judge Presiding

PETITION TO FILE THE PETITION FOR WRIT
OF MANDAMUS AS A POOR PERSON PURSUANT
TO 28 USC 1361

① Now Comes Asuquo Esang the Plaintiff
Petitioner, on Oath or the affirmation
base on the truth, nothing but the
truth.

② With respect, Petitioner Moves this
Honorable Court to File his Petition as
a Poor Person.

③ In Support thereof
Petitioner states the Following

④ That the Petitioner was Arrested unlawfully on or about 2005 in a brutal Manner without Just cause and held in Cook county Jail Hospital the R T U Division 8 at 2600 South California Chicago Illinois

⑤ That on or about 2007 Petitioner Petitioner was again brutalise and shoot with a taser in which as a result of the injury the petitioner suffered from the Taser shot, the Petitioner is on a wheel Chair bound

⑥ That due to my injury, I the Petitioner is unable to work and has no money to Pay For the Filing of my Petition For Writ of Mandamus and have no one to Loan his Person any money

⑦ With that in mind, I Pray that this Honorable Court allow my Person file his Petition For Writ of Mandamus as a Poor Person with this Honorable Court Pursuant to 28 U S C 1361

8 WHEREFORE, Petitioner Pray this Honorable
Court to grant his petition as filed

Respectfully Submitted

/s/ Asuano Esang

Asuano Esang, Pro Se
6920 South Harper
Chicago ILLinois
60637

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Asuquo Esang
Plaintiff-Petitioner

V

Cook County and et al
Defendants-Respondant

Mandamus from the United States District Court For the Northern District of ILLinois Eastern Division

Case No 07 C 3540
Hon. Joan B Gottschall
Judge Presiding

# PETITION FOR LEAVE TO FILE WRIT OF MANDAMUS PURSUANT TO 28 U S C 1361

① Now Comes Plaintiff-Petitioner Asuquo Esang on Oath or the affirmation base on the truth, nothing but the truth.

② With respect, Petitioner Moves this Honorable Court For Leave to file Writ of Mandamus Pursuant to 28 U S C 1361

③ In Support thereof the Plaintiff-Petitioner States the Following That the Petitioner was recently released from Cook County Jail Hospital on a ReArrest and Re-Charged having been shoot with

taser, brutalize Suffered injury and wheel chair bound as a Result of his injury he Suffered from brutal beating with injury and Taser Shot injury from the hands of Cook County Sheriff Officers Evans, Officer Moore and Officer Burne

④ That in Malingering, bias and Prejudice the Trial Court Judge Gollshall denied both Motions in different dates and hand delivered the Court order to Petitioner on 12th Dec. 2012 when the Plaintiff-Petitioner Came to Court for a hearing on the Vera Motion on 12th Dec. 2012 at 9:15 A.M

⑤ That the Trial Court denial of the Motion to Re-instate the Matter was a Violation of the Plaintiff-Petitioner 14th Amendment Rights to the Constitution of the United States

⑥ That Defendants had Moved to dismiss the Matter in the United States District Court and in bias and Prejudice Honorable Judge Grottschall had sided with the defendants

7) That matter was dismissed for want of Prosecution on November, 7th, 2012 Unknown to the Petitioner due to Lack of Notice of Court

8) That the Petitioner filed Motion to Advice the Court on 16th November, 2012 and Petitioner filed yet another Motion to Re-instate the matter and set matter before Magistrate Judge Settlement Conference on 28th November, 2012

9) That previously Mr. Jeff Wagner Attorney for the Petitioner had with-drawn while the Petitioner was in Cook County. Jail Hospital and all effort by the Prose to make the Court bellow to Appoint Attorney through oral Motion proved abortive

10) That the Court bellow in bias and prejudice denied the Petitioner the due Process and equal Protection under the Law

11) WHEREFORE, Petitioner Pray this Honorable Court issue a Writ of Mandamus Commanding directing the United States Dist. Court to Appoint Attorney for the Petitioner and Re-instate

matter by allowing his person Leave
to file his Petition For Writ of
Mandamus with this Honorable Court

Respectfully Submitted

/S/ Asnuwo Evans
Asnuwo Evans Pro Se
6426 South Harper
Chicago IL 60687

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

Asuquo Esang
Plaintiff - Petitioner

v.

Cook County and et al
Defendants - Respondant

Mandamus from the United
States District Court for
the Northern District of
ILLinois, Eastern Division

Case No 07 C 3540
Hon: Jean B. Gottschall

## NOTICE OF FILING

Anita Alvarez
Cook County states Attorney
50 West Washington
Chicago ILLinois 60602

PLEASE TAKE NOTICE that on 28th Dec.
2012 I Filed with the clerk of United states
court of Appeals For the seventh Circuit at
219 South Dearborn street Chicago ILLinois
60604, Plaintiffs - Petitioner Petition For Writ
of Mandamus served to you.

/s/ Asuquo Esang
Asuquo Esang, Pro Se

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that Service for the Foregoing Plaintiff-Petitioner Petition For Writ of Mandamus has this day the 28th Dec.2012 been made by mailing two Copies to the party whom the Notice is directed on 28th Dec 2012 at United states Post office with Prepaid Postage on 28th December, 2012.

Respectfully Submitted

/S/ Asnawo Esang
Asnawo Esang Pro Se
6920 South Harper
Chicago ILLinois
60637



248

Case: 1:07-cv-03540 Document #: 235 Filed: 01/04/13 Page 27 of 51 PageID #:1273
Case: 12-3927     Document: 00711911960     Filed: 01/04/2013     Pages: 56
Case: 1:07-cv-03540 Document #: 231 Filed: 12/04/12 Page 1 of 1 PageID #:1237

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3540 | **DATE** | 12/4/2012 |
| **CASE TITLE** | Esang vs. Doe | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion "to advice the Court on defendants contentions on settlement, plaintiffs medical conditions and eye witness" [226] is stricken as the case is closed and the court has no jurisdiction. Plaintiff's motion to reinstate the case is [228] is denied. Motion to file an appearance [228] is denied as unnecessary. At 11/28/2012 hearing, Plaintiff was informed that he must file an appearance in the Clerk's Office on the 20th floor to assure that he receives orders from the Court. That requirement was reiterated in the court's Minute Entry dated 11/28/2012. Plaintiff has failed to file an appearance on the 20th floor. Civil case remains terminated.

Docketing to mail notices.

*Exhibit I*

| | Courtroom Deputy | RJ/KR |
|---|---|---|

07C3540 Esang vs. Doe

Page 1 of 1



**Cermak Health Service**

**Defendant**

**Cook County Jail**

**Defendant**

**Sheriff Officer Hunter**

**Defendant**

**Johnson Sheriff Officer Rose**

**Defendant**

**Coleman Sherriff Officer**

**Defendant**

**Creingadang Sgt.**

**Defendant**

**John Doe Sheriff Officer**
*Re Arresting Officers*

**Service List**                    represented by  **Prisoner Correspondence - Internal Use Only**
Email:
Prison1_ILND@ilnd.uscourts.gov
*TERMINATED: 02/14/2008*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2012 | 224 | MINUTE entry before Honorable Joan B. Gottschall: Status hearing held on 11/7/2012. Plaintiff failed to appear. It is hereby ordered that this action is dismissed for want of prosecution. Civil case terminated. Mail AO450. Mailed notice (rj, ) (Entered: 11/08/2012) |
| 11/07/2012 | 225 | ENTERED JUDGMENT Signed by the Honorable Joan B. Gottschall on 11/7/2012:Mailed notice(rj, ) (Entered: 11/08/2012) |
| 10/22/2012 | 223 | NOTICE by Nicole M. Kacor of Change of Address (Kacor, Nicole) (Entered: 10/22/2012) |
| 10/16/2012 | 222 | MINUTE entry before Honorable Joan B. Gottschall: Status hearing held on 10/16/2012. Plaintiff did not appear for today's status hearing. Plaintiff is required to appear for all scheduled status hearings in person or by counsel. Failure to appear on 11/7/2012 at 9:30AM will result in dismissal of this action for want of prosecution. Status hearing set for 11/7/2012 at 09:30 AM.Mailed notice (rj, ) (Entered: 10/16/2012) |

26B



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOI
EASTERN DIVISION

Asuquo Esang
Plaintiff

V

Cook County and et al
Defendants

Case No 07 Cv 03540

Hon. Judge Gottschall
Presiding

## NOTICE OF MOTION

Anita Alvarez
Cook County States Attorney
50 West Washington
Chicago ILLinois 60602

RECEIVED

NOV 2 8 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PLEASE TAKE NOTICE that on 28th November
2012 I File with the Clerk of the
United states District Court For the Norther
District of ILLinois, Eastern Division at 219
South Dearborn street Chicago ILLinois 606
the Plaintiff For Appearance, Re-instate
Matter and set Matter Before the Magistra
Judge For Settlement Conference, the
Motion shall be heard on 12th December,
2012 at 219 South Dearborn, the

United States District Court before the
Honorable Judge Gottschall at 9:30 am
Served to you

/S/ Asugno Esang
   Asugno Esang Prose


## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that Service
for the foregoing Plaintiff Motion for
Appearance, Re-Instate matter and set
matter before the Magistrate Court
Settlement Confrence has this day
the 28th November, 2012 been made by
mailing/delivering two Copies to party
whom the notice is directed on 28th
November, 2012


Respectfall Submitted


/S/ Asugno Esang
Asugno Esang Prose
6720 South Harper
Chicago IL 60638

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

Asugwo Esang                          ) Case No 07 CV 03540
    Plaintiff                         )
                                      ) Judge Gottschall
                                      ) Presiding
Cook County and et al )
    Defendants                        )

RECEIVED
NOV 2 8 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MOTION FOR APPEARANCE, RE-INSTATE
MATTER AND SET MATTER BEFORE THE
MAGISTRATE JUDGE FOR SETTLEMENT
CONFRENCE

Now Comes Asugwo Esang by and

through himself, the pro se, the plaintiff

With respect moves this Honorable

Court For Appearance, Re-instate

matter and set matter before the

Magistrate Judge For settlement

Confrence

In Support thereof the Plaintiff state the Following.

① Plaintiff Lawyer Mr. Wagner had with-draw from matter and plaintiff was never served with the notice of Court while at Cook County Jail at no time.

② That Plaintiff was release from Cook County Jail and was hospitalize due to Constitutionally Indignate medical Treatment in Cook County Jail

③ Matter was dismissed For want of prosecutor on November 7th 2012

④ Plaintiff Filed a Motion to Advice the Court on 16th November, 2012 and plaintiff Motion to Advice the Court was Continued

3

5) The Court Adviced Plaintiff to file an Appearance on 28th November, 2012

6) Plaintiff make an oral Motion to Re-instate the matter and brought Forth a written Motion for Appearance, Re-instate matter and set matter before Magistrate Judge for Settlement Confrence

WHEREFORE, Pro Se Prays this Honorable Court to grant his motion as filed

Respectfully Submitted—

/S/ Asugno Esang
Asugno Esang Pro Se
6920 South Harper
Chicago IL 60637



Page 21



EXHIBIT 3

27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN    DIVISION

Asuquo ESANG
        Plaintiff
                        EXH.3
        V
Cook County and et al
        Defendants

Case No 07C3540

Hon: Judge Gottschall

AFFIDAVIT OF ASUQUO ESANG IN SUPPORT OF
COMPLAINT OF BEING SHOT WITH TASER IN
COOK COUNTY JAIL DIVISION EIGHT RTU
ON 4th JANUARY 2007

Asuquo Esang being Sworn on Oath Say the
followings

(1) That I am Asuquo Esang, the Plaintiff in the
above Caption case in Court and if called
as a witness I could testify to the facts state

(2) That on or about January 4th 2007 the
inmates at domitory C-3 where called to the clinic
for Diabetic treatment at about 3:30 to 430a

(3) That at about that time, all the inmates had
come Foreward and Stood by the clinic, waiting
to be Called in the clinic, one after the other for
Diabetic treatment.

(4)

(4) That at about that time, there was three Cook County Sheriff officers namely officer Evans and Moore and one other Officer Burne —where sitting right in front of the clinic.

(5) That one of the officer said something to th inmate that was standing right next to my Person or to my Person about a Shirt.

(6) That I responded and asked who the officer wa talking to, that the three officers stood-up from their sit and walk-up to me standing by the wall; in front of the clinic awaiting to be Call into the clinic For diabetic treatment.

(7) That the three officers Surrounded my Person and started talking about my Person and my case in Court, in the Cook County Court, about their Friends the Sheriff officer Scot Hunter Major Coleman III and sheriff officer Mickey

(8) That certainly one of the officer held me by the Shirt and pulled me to himself and pushed me, then Power Kicked and quickly pushed me into the green Long bench.

(9) That I rolled over on the green bench after bein Powered Kicked, hit my head on the concrete Floor and passed-out; right after being Crashed into the into the Long green bench with my fore head

(2)

(10) That I was shot with Taser three times with high voltage and the Voltaic of the Taser clipp and hang over my body for a perioud of time before being removed or taken off and that the Voltaic cell of the Taser made marks on my body and after being shot with the Taser I was dragged into near by room while I lay down dieing in Cook Counti JauL RTU Division 8, on Jan 4, 2007

(11) That as a result of the Taser shot of January 4, 2007 from the hands of the three Sheriff offices, I suffered para Neruphty /seizure and Conjestive heart Failure and had difficultie: walking.

(12) That I also suffer from Prostate difficulties a: a result of the Taser shots, In that the Taser shots restrict and Constrain my Prostate and I have difficulties urinating and passing human waste as a result of the Taser shots and I am in whell Chair as a result of the Taser shots and my serious medical Conditions and needs is one that even a Lay person would easily recognize the Necessity For Doctors attention and my eccompasses Medical Conditi and needs far more critical and life threateni:

and includes condition that had resulted in Further significant injury and Unnecessary Pain and Suffering

(13) And that after I was Powered Kicked, hit my head on the bench and concrete floor, Shot with Taser I Suffered Concussic head trauma and Lay down dieing in Pain and suffering. the deputys Sheriff Officers then dragged me into a near by room, the Deputys Sheriff Officers then watered all over me as I was coming-out of the Concussion, then the duty Sgt. walked-in and told the officers to take my Person to the hospital and I was still in Concussion going to the Hospital.

(14) The Officers also told the duty Sgt that they the Officers had Shot my Person with a Taser and as a result I passed-out and went into Concussion

(15) That right after the Incident on 4th January, 2007 the United States Department of Justice Officials Visited my Person in the Cook County Jail at Division 8, RTU and examined my injuries and the Taser

(4)

Shots Marks and Instructed my Person to File a Legal action in the United states District Court, against the Cook County Sheriff Deputies, In that as a rule the Sheriff Deputies were Surpose to have Filmed the incident on Camera and that the Moving of my Person From One room to another was done to hide the incident From other inmates in Jail

Further Affiant Saith Noty

/s/ Asuquo Esang
Asuquo Esang
2011121207/6
Cook County Jail
Chicago ILLinois
60608

THOMAS A KEEL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 22, 2013

Thomas A. Keel

FEB. 14th, 2012

(5)



Service: **Get by LEXSEE®**
Citation: **396 ill app 3d 833**

*396 Ill. App. 3d 833, \*; 920 N.E.2d 565, \*\*;*
*2009 Ill. App. LEXIS 1216, \*\*\*; 336 Ill. Dec. 356*

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ASUQUO ESANG, Defendant-Appellant.

No. 1-07-2235

APPELLATE COURT OF ILLINOIS, FIRST DISTRICT, THIRD DIVISION

396 Ill. App. 3d 833; 920 N.E.2d 565; 2009 Ill. App. LEXIS 1216; 336 Ill. Dec. 356

December 9, 2009, Decided

**SUBSEQUENT HISTORY:** Released for Publication January 29, 2010.
Subsequent civil proceeding at Esang v. County of Cook, 2009 U.S. Dist. LEXIS 119379 (N.D. Ill., Dec. 22, 2009)

**PRIOR HISTORY:** [\*\*\*1]
Appeal from the Circuit Court of Cook County. No. 05 CR 18154. Honorable Michael P. Toomin, Judge Presiding.

**DISPOSITION:** Reversed and Remanded.

CASE SUMMARY

**PROCEDURAL POSTURE:** After a jury trial in the Circuit Court of Cook County (Illinois), defendant, who represented himself, was convicted of aggravated battery of a police officer and resisting arrest. He appealed, arguing in part that the trial court erred in finding him competent to waive his right to counsel at a hearing to determine his fitness to stand trial and that the trial court failed to conduct a sufficient hearing to determine his fitness to stand trial.

**OVERVIEW:** The court stated that when a defendant had previously been found unfit, a finding of restored fitness had to be based not only upon a stipulation to the conclusion of psychiatric reports, but upon an affirmative exercise of the trial court's discretion to determine his mental state. Here, the trial court's finding that defendant had been restored to fitness appeared to be based solely upon his stipulation to psychiatric conclusions that he was fit to stand trial. The court rejected the State's argument that the proper remedy was a retrospective fitness hearing. Since defendant's condition was not alleged to have been produced by a single, easily identified and readily assessed factor, and since his documented lack of cooperation with medical personnel limited the extent of his evaluations, the instant case did not enable an accurate judgment of his mental state more than two years after his trial. Next, the trial court's repeated expressions of concern regarding defendant's mental state showed the existence of a bona fide doubt about his competency. In the presence of such doubt, defendant's waiver of his right to counsel could not be held to have been intelligently made.

**OUTCOME:** The court reversed defendant's convictions and sentences and remanded the case to the trial court for proceedings consistent with its opinion.

**CORE TERMS:** fitness, stand trial, withdraw, unfit, restoration, public defender, appointed, you're, medication, mental state, psychiatric, restored, aggravated battery, psychiatrist, resisting, responded, cooperate, retrospective, psychotropic, exceptional, reversible, appointed counsel, clinical psychologist, answered, arrest, touch, floor, own defense, fitness hearing, standby counsel

Case: 1:07-cv-03540 Document #: 235 Filed: 01/04/13 Page 44 of 51 PageID #:1290

Case: 12-3927    Document: 00711911960    Filed: 01/04/2013    Pages: 56
Get a Document - by Citation - 396 Ill. App. 3d 855                                    Page 2 of 7

*HN1* A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings. The ultimate decision as to a defendant's fitness must be made by the trial court, not the experts. A trial court must analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion. When a defendant has previously been found unfit, a finding of restored fitness must be based not only upon a stipulation to the conclusion of psychiatric reports, but upon an affirmative exercise of the court's discretion to determine the defendant's mental state. To accept defendant's opinion that he is able to cooperate with counsel in his defense, when the purpose of the hearing is to determine that very fact, would make a sham out of the sanity hearing. More Like This Headnote | *Shepardize*: Restrict By Headnote

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial 🖾

Criminal Law & Procedure > Appeals > Reversible Errors > General Overview 🖾

Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors > Constitutional Errors 🖾

Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview 🖾

*HN2* A trial court's failure to independently analyze and weigh expert testimony in making a fitness finding is a constitutional error, properly considered under the plain error doctrine and reversible unless it can be proved to be harmless beyond a reasonable doubt. More Like This Headnote | *Shepardize*: Restrict By Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > General Overview 🖾

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial 🖾

*HN3* Although in exceptional cases, retrospective fitness hearings may accurately discern the mental state of a defendant during a trial held many years earlier, retrospective hearings will normally be inadequate to protect a defendant's due process rights when more than a year has passed since the original trial and sentencing. More Like This Headnote | *Shepardize*: Restrict By Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel 🖾

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial 🖾

Criminal Law & Procedure > Counsel > Right to Self-Representation 🖾

Criminal Law & Procedure > Appeals > Reversible Errors > General Overview 🖾

*HN4* Where a bona fide doubt exists as to a defendant's competency to stand trial, that defendant cannot intelligently waive his constitutional right to representation by counsel, and permitting him to represent himself is reversible error. More Like This Headnote

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial 🖾

Criminal Law & Procedure > Counsel > Right to Self-Representation 🖾

*HN5* A defendant may be competent to stand trial while at the same time incompetent to represent himself, and in such circumstances, he suffers no constitutional injury from a trial court's refusal to permit him to represent himself. More Like This Headnote | *Shepardize*: Restrict By Headnote

when more than a year has passed since the original trial and the sentencing. More Like This Headnote | Shepardize: Restrict By Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial

Criminal Law & Procedure > Counsel > Right to Self-Representation

Criminal Law & Procedure > Appeals > Reversible Errors > General Overview

*HN4* Where a bona fide doubt exists as to a defendant's competency to stand trial, that defendant cannot intelligently waive his constitutional right to representation by counsel, and permitting him to represent himself is reversible error.  More Like This Headnote

Criminal Law & Procedure > Pretrial Motions & Procedures > Competency to Stand Trial

Criminal Law & Procedure > Counsel > Right to Self-Representation

*HN5* A defendant may be competent to stand trial while at the same time incompetent to represent himself, and in such circumstances, he suffers no constitutional injury from a trial court's refusal to permit him to represent himself.  More Like This Headnote
| *Shepardize*: Restrict By Headnote

**COUNSEL:** For APPELLANT, Michael J. Pelletier ▾, State Appellate Defender and Patricia Unsinn, Deputy Defender, Office of the State Appellate Defender (Emily E. Filpi, Assistant Deputy Defender, of counsel).

For APPELLEE, Anita Alvarez ▾, State's Attorney, County of Cook (James E. Fitzgerald, Alan J. Spellberg, Clare Wesolik Connolly, Assistant State's Attorneys, of counsel).

**JUDGES:** JUSTICE COLEMAN ▾ delivered the opinion of the court. QUINN ▾ and STEELE ▾, JJ., concur.

**OPINION BY:** COLEMAN ▾

**OPINION**

Case: 1:07-cv-03540 Document #: 235 Filed: 01/04/13 Page 46 of 51 PageID #:1292

Case: 12-3927     Document: 00711911960     Filed: 01/04/2013     Pages: 56
Get a Document - by Citation - 396 Ill. App. 3d 833                         Page 3 of 7

[**566]  [*834]  JUSTICE COLEMAN delivered the opinion of the court:

Following a jury trial in which he acted as his own counsel, Asuquo Esang was convicted of aggravated battery of a police officer and resisting arrest and sentenced to two concurrent two-year terms of imprisonment. He seeks reversal of his convictions, asserting that (1) the trial court [**567] erred in finding him competent to waive his right to counsel at a hearing to determine his fitness to stand trial; (2) the court failed to conduct a sufficient hearing to determine his fitness to stand trial; (3) the court improperly removed him from the courtroom, depriving him [***2] of the right to present evidence in his defense or make a closing argument; (4) the court erred in failing to appoint standby counsel; and (5) his conviction for resisting arrest, because it arose from the same physical act as his conviction for aggravated battery of a police officer, must be vacated as violative of the one-act, one-crime principle. We find that the trial court, having once found Esang unfit to stand trial, did not conduct a hearing sufficient to support its finding that he had been restored to fitness. We accordingly reverse his convictions and remand for further proceedings.

[*835]  BACKGROUND

On July 21, 2005, Cook County sheriff's deputies were called to respond to a report of a disturbance outside of administrative offices in the Daley Center in Chicago. Deputy Sheriff Philip Mackey testified that defendant Asuquo Esang was upset and yelling about not being able to see someone about a case. Mackey and other officers asked Esang to leave the building, he refused, the officers attempted to remove him, and a struggle ensued in which officers reported that they had been kicked and bitten. Esang was charged with aggravated battery and resisting or obstructing a peace officer.

In [***3] August 2005, the office of the Cook County public defender was appointed to represent Esang, and in October 2005, the appointed public defender asked that Esang's fitness for trial be evaluated. A clinical psychologist, Dr. Debra Ferguson, provided the court with the written opinion that although Esang may have been "suffering from a Delusional Disorder," he was aware of the charges against him, familiar with legal proceedings and the roles of court personnel, and able to assist in his own defense. The psychologist's report concluded that Esang was fit to stand trial and sane at the time of his alleged crimes. On November 7, 2005, the trial court found Esang fit to stand trial. In December 2005, Esang informed the trial court that he was "having a hard time" with his appointed counsel, and that he wished to have a different attorney appointed to represent him. In January 2006, after Esang repeatedly informed the court that he did not wish to be represented by the public defender, the trial court admonished him of his rights and obligations regarding appointed counsel and self-representation, and then ruled that Esang could represent himself.

In February 2006, Esang filed a "Motion For [***4] Judgment of the Pleadings to Dismiss Indictment for Cause of Harassment and Intimidation, Abuse of Process, Pre-Indictment Delay and Case Mismanagement." At a March 2, 2006 hearing on the motion, the prosecution, asked for its response to Esang's motions, commented, "Our position is the motions failed to support, he actually fails to support in his motions, any assertions he makes in the motions with any substantive evidence. They are rambling assertions, they touch on topics that are collateral to the substantive charge in this case. What the defendant appears to be complaining of is simply that he's unhappy about being in custody and unhappy about facing criminal charges. But nothing he touches on in his motions actually touches on the charges on the case at bar."

At the same hearing, the court stated to Esang, "What you filed here is incomprehensible and incapable of being responded to .... It's a lot of gibberish is what it is. [**568] You're representing yourself and you [*836] don't know what you're doing. And you have a serious case here." The court also remarked, "You were indicted in a timely manner within the statute of limitations. Case was assigned to Judge Moran. Because you weren't happy [***5] there, it was reassigned to me. In a timely fashion, until you fired your lawyer. After you went to the 10th floor to see if you were fit to stand trial. Probably should go back there again because your delusions indicate to me that you may not be fit for trial."

was fit to stand trial and sane at the time of his alleged crimes. On November 7, 2005, the trial court found Esang fit to stand trial. In December 2005, Esang informed the trial court that he was "having a hard time" with his appointed counsel, and that he wished to have a different attorney appointed to represent him. In January 2006, after Esang repeatedly informed the court that he did not wish to be represented by the public defender, the trial court admonished him of his rights and obligations regarding appointed counsel and self-representation, and then ruled that Esang could represent himself.

In February 2006, Esang filed a "Motion For **[***4]** Judgment of the Pleadings to Dismiss Indictment for Cause of Harassment and Intimidation, Abuse of Process, Pre-Indictment Delay and Case Mismanagement." At a March 2, 2006 hearing on the motion, the prosecution, asked for its response to Esang's motions, commented, "Our position is the motions failed to support, he actually fails to support in his motions, any assertions he makes in the motions with any substantive evidence. They are rambling assertions, they touch on topics that are collateral to the substantive charge in this case. What the defendant appears to be complaining of is simply that he's unhappy about being in custody and unhappy about facing criminal charges. But nothing he touches on in his motions actually touches on the charges on the case at bar."

At the same hearing, the court stated to Esang, "What you filed here is incomprehensible and incapable of being responded to …. It's a lot of gibberish is what it is. **[**568]** You're representing yourself and you **[*836]** don't know what you're doing. And you have a serious case here." The court also remarked, "You were indicted in a timely manner within the statute of limitations. Case was assigned to Judge Moran. Because you weren't happy **[***5]** there, it was reassigned to me. It was proceeding. In a timely fashion, until you fired your lawyer. After you went to the 10th floor to see if you were fit to stand trial. Probably should go back there again because your delusions indicate to me that you may not be fit for trial."

At hearings on April 21, May 30, and June 1, 2006, Esang contended that he had not received from the prosecution various items of discovery. At the May 30 hearing, the court advised Esang, "You need a lawyer, sir." Esang answered, "Your Honor, I am not willing to do that, Judge." On June 1, 2006, Esang made additional assertions regarding documents he had not been given, and the court interjected: "The more I hear you saying things, Mr. Esang, the more you articulate yourself - - the more I'm of the opinion you're going to go to the 10th Floor to be examined. I don't think you're competent to stand trial." Over Esang's objection, the court ordered a second clinical examination.

On July 14, 2006, Dr. Ferguson, the clinical psychologist who found Esang fit to stand trial in November 2005, reported to the court that Esang would not cooperate with a second examination, making a comprehensive fitness examination **[***6]** impossible. Ferguson stated that Esang manifested "paranoid, persecutory and grandiose delusions which significant[ly] impair his perceptions of reality." Her report continued: "His current thinking is

Case: 1:07-cv-03540 Document #: 235 Filed: 01/04/13 Page 48 of 51 PageID #:1294

Case: 12-3927    Document: 00711911960    Filed: 01/04/2013    Pages: 56
Get a Document - by Citation - 396 Ill. App. 3d 833    Page 4 of 7

predominated by these irrational beliefs and render him unable to have a rational understanding of the nature of the proceedings against him and or to realistically assess his legal situation." Ferguson concluded that Esang was unfit to stand trial. On August 23, 2006, a jury found Esang unfit for trial, and also found that there was a substantial probability that, if provided with treatment, he would attain fitness within one year. Esang was placed in the custody of the Department of Mental Health and Developmental Disabilities on November 21, 2006. He continually objected to further fitness proceedings, insisting that he was fit to stand trial and that the proceedings merely delayed the presentation of his defense on the criminal charges.

On March 14, 2007, forensic psychiatrist Jonathan Kelly advised the trial court by letter that he had examined Esang and that Esang was fit to stand trial. The court also received a 90-day evaluation dated March 7, 2007 and signed jointly by clinical **[***7]** psychologist Michael Watrous and psychiatrist Farzana Husain. The 90-day evaluation noted that throughout the course of his hospitalization, Esang had "engaged **[*837]** in obstinate and contrary behavior," "vehemently refused all psychotropic medication," "refused to acknowledge any mental or personality condition," and "occasioned several instances of contemptuous and noncompliant behavior which has resulted in the mobilizing of security staff." The evaluation reported that Esang agreed to take medication for his physical problems and always attended fitness restoration group sessions.

On March 15, 2007, the court advised Esang of the fitness evaluations. "So, Mr. Esang, you are here today on the basis of two reports by doctors saying that you are fit for trial. In order to put the case back on the trial calendar we must restore you to fitness, which can be done simply by stipulating to those reports." The court asked if Esang would stipulate to the reports, and he asked for copies. The court **[**569]** then asked again, "So, are you in concurrence with the opinion of the psychiatrist?"

Esang replied, "Well, normally like I said before I always feel fit. There was never a time I disagreed I am not fit **[***8]** to stand trial."

The court continued, "So, you are saying you agree with their conclusions that you are fit for trial?"

Esang answered, "Your Honor it is not that I am not agreeing, that I have agreed with their conclusion. My conclusion has totally been affirmed that I agreed. This is me that was here last. I didn't take no psychiatric treatment. I didn't know, take no, any kind of medication from them, take nothing from them. This is me. I have always been fit. This report, those testimony from Miss Debra Ferguson was nothing but formalities."

The court stated, "I understand you are saying you are fit for trial," and Esang responded, "I am fit for trial. I have been fit for trial right from day one. Statement of Miss Ferguson doesn't count." The court concluded, "We will indicate the defendant is restored to fitness." After extended discussion about Esang's wishes, the court appointed the office of the public defender to represent him at trial.

On May 11, 2007, Esang's appointed counsel advised the court that his client desired to file motions that he could not agree to present, and asked that the office of the public defender be permitted to withdraw from the matter. Esang advised the **[***9]** court of his belief that counsel was not representing him effectively, and stated that he had a constitutional right to object to his attorney's performance. The court answered, "You would if this case were just starting here, but I don't believe you're competent to represent yourself." The court denied counsel's motion to withdraw.

Counsel advised the court that Esang would not cooperate with his attempts to prepare an answer to the prosecution's charges, and **[*838]** the court commented, "Maybe the answer is that he should go back to the 10th floor and have him examined. If he's not able to cooperate with counsel - - he obviously is not able to represent himself." The court then ordered a third behavioral clinical examination. On May 22, 2007, forensic psychiatrist Jonathan Kelly advised the court by letter that he had examined Esang on May 16. In Kelly's opinion, Esang was "able to assist in his defense, if he chooses to do so." Kelly also stated that Esang's "lack of

conclusion. My conclusion has totally been affirmed that I agreed. This is me, that was here last. I didn't take no psychiatric treatment. I didn't know, take no, any kind of medication from them, take nothing from them. This is me. I have always been fit. This report, those testimony from Miss Debra Ferguson was nothing but formalities."

The court stated, "I understand you are saying you are fit for trial," and Esang responded, "I am fit for trial. I have been fit for trial right from day one. Statement of Miss Ferguson doesn't count." The court concluded, "We will indicate the defendant is restored to fitness." After extended discussion about Esang's wishes, the court appointed the office of the public defender to represent him at trial.

On May 11, 2007, Esang's appointed counsel advised the court that his client desired to file motions that he could not agree to present, and asked that the office of the public defender be permitted to withdraw from the matter. Esang advised the **[***9]** court of his belief that counsel was not representing him effectively, and stated that he had a constitutional right to object to his attorney's performance. The court answered, "You would if this case were just starting here, but I don't believe you're competent to represent yourself." The court denied counsel's motion to withdraw.

Counsel advised the court that Esang would not cooperate with his attempts to prepare an answer to the prosecution's charges, and **[*838]** the court commented, "Maybe the answer is that he should go back to the 10th floor and have him examined. If he's not able to cooperate with counsel - - he obviously is not able to represent himself." The court then ordered a third behavioral clinical examination. On May 22, 2007, forensic psychiatrist Jonathan Kelly advised the court by letter that he had examined Esang on May 16. In Kelly's opinion, Esang was "able to assist in his defense, if he chooses to do so." Kelly also stated that Esang's "lack of cooperation and oppositional behavior are volitional and likely related to his Personality Disorder, rather than due to a mental illness." Kelly concluded that Esang was fit to stand trial.

On May 25, 2007, Esang again discussed **[***10]** with the court his desire to represent himself:

"ESANG: I'm going to represent myself.

THE COURT: You understand you have a right to have a lawyer?

ESANG: Judge, if he want to withdraw, let him withdraw, but I want --

THE COURT: He didn't say he wanted to withdraw. I'm asking you what you want to do.

ESANG: Judge, I want to represent myself. If he want to stand in the fashion of limited representing, fine. If you want to withdraw, fine.

THE COURT: I haven't heard him say he wants to withdraw. They say that you're fit for trial as long as you cooperate, if you want to.

\* \* \*

ESANG: Your Honor, I want Mr. Maldonado to withdraw and I want the **[\*\*570]** motion because it's an appealable motion.

\* \* \*

THE COURT: And you know that you have a right to have appointed counsel?

ESANG: I know, Your Honor.

THE COURT: And you don't want appointed counsel?

ESANG: At this time, no.

THE COURT: You want to represent yourself as you did once before?

ESANG: I want to represent myself, and I am asking that my motion should be responded in writing just as I did in writing.

THE COURT: We'll get to that. First of all, I want to make sure that Mr. Maldonado is not going to represent you.

ESANG: Yes, Your Honor.

THE COURT: I'll give **[\*\*\*11]** you leave to withdraw, Mr. Maldonado.

PUBLIC DEFENDER: Thank you, Your Honor.

**[\*839]** Esang's jury trial commenced on June 4, 2007. Esang made an opening statement, and cross-examined the three officers who testified for the prosecution regarding his arrest. After the close of the prosecution's case, Esang expressed a desire to present "exhibits," which apparently consisted of police reports, hospital records and grand jury transcripts intended to impeach the arresting officers' testimony about the injuries they suffered in their encounter. Outside the presence of the jury, the court ruled that the exhibits were inadmissible hearsay. Esang continued the discussion after the jury was recalled, stating, "You are not being fair, Your Honor," and asserting that the exhibits were not hearsay.

Asked if he had evidence other than the excluded exhibits, Esang again referred to the exhibits, and suggested that the exhibits should be permitted in lieu of witnesses. The court responded, "I wasn't supposed to call anybody. You decided who you wanted to call. You fired your lawyer, you should have made arrangements to call." Esang said, "Your Honor, that's irrelevant. If I can't submit evidence, if you don't **[\*\*\*12]** allow me to submit evidence, what else is there?"

The court then ordered Esang removed from the courtroom and he was not present for the remainder of the trial, including the prosecution's closing argument, the instruction of the jury, and the jury's return of guilty verdicts on one count of aggravated battery and one count of resisting or obstructing a peace officer. The trial court sentenced him to a two-year term of imprisonment for each count, to be served concurrently. This appeal followed.

ANALYSIS

[header text obscured/overlapping] ...of police reports, hospital records, and grand jury testimony and 1968 injuries they suffered in their encounter, to impeach the arresting officers. Outside the presence of the jury, the court ruled that the exhibits were inadmissible hearsay. Esang continued the discussion after the jury was recalled, stating, "You are not being fair, Your Honor," and asserting that the exhibits were not hearsay.

Asked if he had evidence other than the excluded exhibits, Esang again referred to the exhibits, and suggested that the exhibits should be permitted in lieu of witnesses. The court responded, "I wasn't supposed to call anybody. You decided who you wanted to call. You fired your lawyer, you should have made arrangements to call." Esang said, "Your Honor, that's irrelevant. If I can't submit evidence, if you don't **[***12]** allow me to submit evidence, what else is there?"

The court then ordered Esang removed from the courtroom and he was not present for the remainder of the trial, including the prosecution's closing argument, the instruction of the jury, and the jury's return of guilty verdicts on one count of aggravated battery and one count of resisting or obstructing a peace officer. The trial court sentenced him to a two-year term of imprisonment for each count, to be served concurrently. This appeal followed.

ANALYSIS

Esang contends that the March 2007 hearing that determined him to be fit to stand trial was insufficient. We agree. *HN1* "A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings." People v. Contorno, 322 Ill. App. 3d 177, 179, 750 N.E.2d 290, 255 Ill. Dec. 709 (2001). "The ultimate decision as to a defendant's fitness must be made by the trial court, not the experts. People v. Bilyew, 73 Ill. 2d 294, 302, 383 N.E.2d 212, 22 Ill. Dec. 736 (1978). A trial court must analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion. In re T.D.W., 109 Ill. App. 3d 852, 855, 441 N.E.2d 155, 65 Ill. Dec. 363 (1982)." Contorno, 322 Ill. App. 3d at 179. See also People v. Goodman, 347 Ill. App. 3d 278, 287, 806 N.E.2d 1124, 282 Ill. Dec. 536 (2004). **[***13]** When a defendant has previously been found unfit, a **[**571]** finding of restored fitness must be based not only upon a stipulation to the conclusion of psychiatric reports, but upon an affirmative exercise of the court's discretion to determine the defendant's mental state. **[*840]** People v. Thompson, 158 Ill. App. 3d 860, 865, 511 N.E.2d 993, 110 Ill. Dec. 816 (1987). In the instant case, the trial court's finding that